OPINION *Page 2 
{¶ 1} Plaintiff-appellant Andrew Starke appeals the December 8, 2006 Judgment Entry of the Stark County Court of Common Pleas entering summary judgment in favor of Defendant-appellee Matthew Rossetti.
 STATMENT OF THE FACTS AND CASE {¶ 2} On December 27, 2004, Appellant Andrew Starke was assaulted while leaving the Fox Hound bar in Canton, Ohio. As a result of the assault, Appellant was hospitalized with serious injuries to his mouth and skull.
 {¶ 3} On March 3, 2006, Appellant filed a complaint in the Stark County Court of Common Pleas naming "John Does" as Defendants, claiming he was unaware of their identities.
 {¶ 4} On April 18, 2006, Appellant amended his complaint to name Appellee Matthew Rossetti and Chad Peterson, along with additional John Does, as defendants.
 {¶ 5} Both Rossetti and Peterson filed motions for summary judgment. Via Judgment Entry of December 8, 2006, the trial court granted summary judgment in favor of Appellee Rossetti and denied Peterson's motion for summary judgment.
 {¶ 6} On December 22, 2006, Appellant voluntarily dismissed the remaining defendants.
 {¶ 7} Appellant now appeals the December 8, 2006 Judgment Entry, assigning as error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THERE *Page 3 
WAS A GENUINE ISSUE OF FACT AT WHICH REASONABLE MINDS COULD COME TO DIFFERENT CONCLUSIONS.
 {¶ 9} "II. THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THE CERTIFIED COPY OF THE POLICE REPORT ATTACHED TO APPELLANT'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 10} Initially, we note, the trial court's December 8, 2006 Judgment Entry became a final appealable order upon Appellant's voluntary dismissal of the remaining defendants. Kildow v. Home TownImprovements, 2002-Ohio-3824; Boop v. Dunlap Family Physicians (June 12, 2000), Stark App. No. 1999CA00336.
 {¶ 11} On appeal from the trial court's entry of summary judgment, our standard of review is de novo. As an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
 {¶ 12} Civil Rule 56(C) states in part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 14} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356. *Page 4 
 {¶ 15} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 16} Appellant argues Rossetti's statement contained in the police report from the night of the incident creates a genuine issue of material fact to overcome the entry of summary judgment. Appellant further argues the trial court erred in failing to consider the police report in ruling on Rossetti's motion for summary judgment.
 {¶ 17} Initially, we address Appellant's argument the trial court erred in finding the police report inadmissible. The trial court's December 8, 2006 Judgment Entry finds the report does not comply with the evidentiary standard set forth in Civil Rule 56, and is inadmissible pursuant to Evidence Rule 803(8).
 {¶ 18} Appellant attached a certified copy of the police report to his memorandum in opposition to Rossetti's motion for summary judgment. Rossetti did not object to the report. Pursuant to Evidence Rule 801(D)(2) the police report is admissible as an admission by a party opponent. The rule states: *Page 5 
 {¶ 19} "(D) Statements which are not hearsay. A statement is not hearsay if:
 {¶ 20} * * *
 {¶ 21} "(2) Admission by party-opponent. The statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity, or (b) a statement of which the party has manifested an adoption or belief in its truth, or (c) a statement by a person authorized by the party to make a statement concerning the subject, or (d) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."
 {¶ 22} We find the certified police report is admissible as an admission by a party opponent pursuant to Rule 801, as it is Rossetti's own statement offered against him and the trial court erred in not considering it. Appellant specifically cites Rossetti's statement on the night in question, contained in the police report, wherein Rossetti stated "I tried to break up the fighting, and was unfortunately caught up in it." Appellant concludes Rossetti's statement, combined with his being listed as a suspect on the report, creates a reasonable dispute as to whether Rossetti was involved in the assault. We disagree.
 {¶ 23} Rossetti's being listed as a suspect on the report is irrelevant, and does not establish a genuine issue of material fact. It is merely the speculative opinion of the police officer. Further, read in its entirety, Rossetti's statement does not create a genuine issue of material fact for the trier of fact, particularly when combined with his *Page 6 
affidavit submitted in support of his motion for summary judgment. Rossetti's statement reads:
 {¶ 24} "I am unsure of the events that led up to the incident that occurred tonight. I came here with only one friend Nate Kopan who left around 10:00pm. After that point I was here by myself. I played pool with a few guys that I met tonight. Those individuals were involved in an argument with another person whom I didn't know. There was a "scuffle" outside of the establishment when I was on my way out. I tried to break up the fighting, and was unfortunately caught up in it. I feel terrible for the people who were injured. However, I am in no way responsible for the violence that occurred tonight. I can not [sic] say why the fight occurred, only that I did everything I could to stop it.
 {¶ 25} "Q. Did you hit or kick anyone tonight.
 {¶ 26} "A. I was threatened by a man who thought I was responsible for the fight. He wrestled with me until we were broken apart. No punches were exchanged between us. (No kicks either)"
 {¶ 27} Further, Rossetti's affidavit attached to his motion for summary judgment, testifies:
 {¶ 28} "4. I have never assaulted, hit, struck or battered the Plaintiff, nor have I ever threatened to do so.
 {¶ 29} * * *
 {¶ 30} "6. I specifically deny any involvement whatsoever in any assault or battery that was allegedly suffered by the Plaintiff."
 {¶ 31} Based upon the above, we conclude the trial court did not err in granting summary judgment in favor of Appellee Rossetti, as no genuine issue of material fact *Page 7 
remains for the trier of fact, and viewing the evidence in a light most favorable to Appellant, reasonable minds can come to but one conclusion, in favor of Appellee. Appellant's reliance on Appellee's statement he was "caught up" in the fighting, when taken in context, does not create a disputed factual issue to rebut Appellee's affidavit he did not assault Appellant. Appellant offered no other evidence to support his claim against Appellee.
 {¶ 32} In his appellate brief, Rossetti argues Appellant's claims are barred by the one year of statute of limitations. Given our decision the trial court correctly granted Appellee summary judgment on the evidence submitted, it is unnecessary to address Appellee's statute of limitations argument.[1]
 {¶ 33} For the reasons set forth above, the judgment of the Stark County Court of Common Pleas is affirmed.
 Hoffman, J., Gwin, P.J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] Because Appellee does not seek to change the trial court's decision, no cross appeal was required pursuant to App. R.3(C). *Page 1